UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

        Plaintiff,                      Case No.  05-71140

v.                                        District Judge John Corbett O'Meara
                                          Magistrate Judge R. Steven Whalen

DR. GEORGE PRAMSTALLER, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On March 22, 2005, Plaintiff Quentin C. Laster, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Before the Court is a Motion to Dismiss filed by Defendants Piper and Camann [Docket #18], which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(A). For the reasons set forth below, I recommend that the Motion be GRANTED, and that the entire complaint be DISMISSED WITHOUT PREJUDICE for failure to completely exhaust administrative remedies as required by 42 U.S.C. §1997e(a).

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, the Plaintiff describes denial of necessary medical care and inadequacy of treatment for problems related to osteoarthritis. Construing this *pro se* complaint liberally,[1] it may be fairly read to allege a violation of Plaintiff's constitutional rights under the Eighth Amendment, based on the Defendants' deliberate indifference to his

---

[1] *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

medical needs. Plaintiff names Dr. George Pramstaller, Valorie Hammond, Dr. Faghihnia, Dr. Piper, Dr. Craig Hutchinson, MDOC Director Patricia Caruso, and Dr. Camann as Defendants.[2]

Plaintiff has attached some 342 pages of exhibits to his complaint, purportedly to show exhaustion of administrative remedies. As will be discussed in more detail below, this material contains only two grievances that were shown to have been appealed through the final step of the MDOC administrative grievance process.

Defendants Piper and Camann bring the present Motion to Dismiss under 42 U.S.C. §1997e(a) and Fed.R.Civ.P. 12(b)(6).

## II.   THE EXHAUSTION REQUIREMENT

### A.  General Principles

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).

In *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), the Sixth Circuit held that a prisoner-plaintiff bears the burden of demonstrating exhaustion in § 1983 cases, and must provide documentation showing exhaustion. To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts

---

[2] Dr. Camann is not listed as a Defendant in the caption, but is named in the body of the complaint. Camann is, of course, represented by counsel, who has filed the present Motion to Dismiss on his behalf.

complained of.  If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted.  In *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), the Sixth Circuit adopted a bright line rule that a grievance must specifically  name the person who is ultimately sued. In reaching its conclusion, *Curry* relied in part on *Freeman v. Francis, supra* at 644, where the Court stated that "the importance of using the prison grievance process [is] to alert prison officials to problems."

In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005), the Sixth Circuit adopted a total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

*Jones-Bey* described two options available to a prisoner whose mixed complaint is dismissed: (1) wait until all claims are exhausted and re-file the action at that time, or (2) "simply institute an action with only the exhausted claims." *Id.*, 808.

### B.    The MDOC Grievance Procedure

The MDOC provides prison inmates a detailed procedure for bringing forward complaints, which is set forth at  MDOC Policy Directive (PD) 03.02.130.  This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits.  First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days.  The prison staff is required to respond in writing within 15

days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form within five days, and has an additional five days to file it.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process. However, the Policy Directive also provides that in special cases, such as where an inmate alleges racial discrimination or staff brutality or corruption, an inmate may file a grievance directly to Step III. Upon receipt of a grievance filed directly at Step III, the Prisoner Affairs Section will either respond directly to the grievance, request an investigation, or return the grievance to the inmate with instructions to file it at Step I and follow the complete appeal procedure.

### C. Application to Present Case

Plaintiff has submitted a large volume of documentation with his complaint. Some of this material consists of "medical kites," correspondence with medical staff, and documents relating to disciplinary/misconduct proceedings. This material does not and cannot show exhaustion through Step III of the grievance process described above. *See Williams v. McGinnis*, 192 F.Supp.2d 757, 763 (E.D. Mich. 2002) ("Though [plaintiff] did send a letter to the Step III agency, a letter is not the same as a grievance appeal....").

Plaintiff has also submitted numerous grievance documents. Most of these, even though they name certain Defendants, have not been shown to have been exhausted through Step III. Specifically, Plaintiff has not submitted Step III responses to most of the grievances. For example, Grievance Nos. RRF 04-04-0423-28A and JMF-04-10-2144-12I-1, which name Defendant Caruso, contains Step II rejections, but no Step III

responses. Although Plaintiff has submitted some handwritten documents purporting to be his Step III appeals, it is significant that there are no Step III responses that would show he actually submitted his appeals. Nor has Plaintiff alleged that he was somehow prevented from submitting Step III appeals. To the contrary, he *has* submitted two Step III responses, discussed below, indicating that he had the ability to follow through with the final step of the process. Again, *Williams v. McGinnis* is pertinent:

> "Here, Williams has provided proof of Step I and II grievances, but no proof that they were received. Williams offers a possible explanation for this lack of documentation, but his word is not sufficient evidence to create a material issue of fact. Further, there is no evidence that Williams submitted the proper form for the Step III appeal. Though he did send a letter to the Step III agency, a letter is not the same as a grievance appeal, and the letter itself does not make clear which grievance (Duggan or Baerwalde) that Williams was pursuing. This court is not unsympathetic to the plausible frustrations that Williams may have faced during the grievance process, but he has simply not provided evidence sufficient to create a genuine issue of material fact as to administrative exhaustion, as he must do. Therefore, this court will grant Defendant Duggan's motion for summary judgment on the ground of lack of administrative exhaustion." 192 F.Supp.2d at 763.

Plaintiff has submitted documentation showing that he did exhaust his administrative remedies, through Step III, as to Defendants Hammond and Camann. *See* JMF-04-01-0141-12E4 (Defendant Hammond) and JMF-04-02-0245-12E4 (Defendant Camman).[3] However, under the total exhaustion rule of *Jones-Bey, supra*, this Court cannot simply dismiss the unexhausted Defendants and let the case proceed with Hammond and Camann. Rather, §1997e(a), as construed by *Jones-Bey*, requires dismissal of the entire complaint. Plaintiff will then have the option of refiling this action after all the claims have been exhausted, or re-filing his complaint with only the exhausted claims and Defendants. *Id.*

---

[3]This latter grievance contains a lengthy and somewhat hard-to-follow narrative, but is sufficient to satisfy the exhaustion requirement as to Defendant Camman.

### III.    CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Docket #18] be GRANTED, and the entire complaint DISMISSED WITHOUT PREJUDICE pursuant to 42 U.S.C. §1997e(a).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 9, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 9, 2006.

                                        S/G. Wilson
                                        Judicial Assistant