UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

       Plaintiff,                      Case No. 05-71140

v.                                      District Judge John Corbett O'Meara
                                         Magistrate Judge R. Steven Whalen

DR. GEORGE PRAMSTALLER, et al.,

       Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO ACCESS MEDICAL RECORDS**

Before the Court is Defendants' Renewed Discovery Motion for Access to Plaintiff's Medical Records [Docket #60]. Although labeled a discovery motion, the relief requested is dismissal of the case under Fed.R.Civ.P. 37. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

Defendants previously filed this motion on September 19, 2006 [Docket #23]. The Court denied the motion without prejudice [Docket #28], because dismissal had been recommended based on Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). The case was dismissed on March 6, 2006. However, on June 21, 2007, the Sixth Circuit vacated and remanded on the basis of *Jones v. Bock*, 127 S.Ct. 910 (2007), which overruled long-standing Sixth Circuit precedent regarding the exhaustion of

-1-

administrative remedies under the Prison Litigation Reform Act (PLRA). Defendants now renew their discovery motion.

The Plaintiff claims a violation of his Eighth Amendment rights because of the Defendants' deliberate indifference to his medical needs. Thus, the Plaintiff has clearly put his medical condition in issue, and his medical records are discoverable. In order for Defendants to obtain those records, it is necessary for Plaintiff to sign a release. Defendants state that they previously sent a release to the Plaintiff, but have not received a signed copy.

Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)( C ), dismissal where it is the plaintiff who has been disobedient. In this case, the Plaintiff's alleged malfeasance did not involve a discovery order, but rather the Defendants' request for a release of medical records. By its terms, therefore, Rule 37 would not seem to apply to the instant situation. However, even if it did, Defendant would not be entitled to a dismissal.

A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default

judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Under this formulation, dismissal of Plaintiff's complaint would be inappropriately harsh. In so finding, I have considered the following factors: the procedural history of this case, including dismissal and reinstatement; the Plaintiff's status as a *pro se* litigant, and hence the doubt as to whether withholding the medical releases was the product of bad faith or mere ignorance; the curability of any prejudice by ordering Plaintiff to sign the release; the lack of any warning that dismissal might be in the cards; and the absence of any lesser previous sanctions.

Therefore, insofar as the Defendants' motion requests dismissal, it is DENIED.

However, insofar as this is a Motion to Compel, it is GRANTED. Defendants shall send a new medical release to the Plaintiff, who shall sign and return it to counsel for Defendants within 14 days of receiving it.

Plaintiff's failure to sign the release and return it to Defendants' attorney, or to comply with any discovery order of this Court, may result in the imposition of severe sanctions under Rule 37, including dismissal of this action with prejudice.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 14, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 14, 2007.

S/G. Wilson
Judicial Assistant

Date: December 14, 2007