UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

       Plaintiff,                      Case Nos.  06-13508
                                                         05-71140

v.                                       District Judge John Corbett O'Meara
                                         Magistrate Judge R. Steven Whalen

DR. GEORGE PRAMSTALLER, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is *Defendant Pramstaller's Caruso's, and Booker's Motion to Dismiss for Failure to Demonstrate Personal Involvement* [Docket #58], filed April 16, 2008, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Defendants' motion be GRANTED.[1]

**I.  BACKGROUND FACTS**

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate, filed suit *pro se*

---

[1] On June 26, 2008, I ordered this case consolidated with *Laster v. Pramstaller*, E.D. Mich. No. 05-71140, noting that the two cases "are, in fact, one in the same, involving the same claims against the same Defendants."  Thus, my recommendation that Defendants Pramstaller, Caruso and Booker be dismissed in the present case applies also to case no. 05-71140.

on August 3, 2006, alleging violations of his First, Eighth, and Fourteenth Amendment rights by Defendants pursuant to 42 U.S.C. §1983. Plaintiff alleges that prison medical staff was deliberately indifferent to his medical needs both before and after his October, 2004 hip surgery. *Complaint* at 7-10. He alleges that the defendant physicians failed to prescribe needed medication, claiming further that other medical staff failed to grant him a "special accommodation" status allowing the use of a wheelchair/walker, designated chow hall seating, a lower bunk assignment, and a "special shower accommodation." *Id.* at 7. Plaintiff also alleges that he was transferred in retaliation for filing grievances regarding his medical care. *Id.* at 7-8.

On February 15, 2008, the district court granted in part and denied in part Defendant Piper's motion to dismiss, finding that although the majority of Plaintiff's claims against the physician were unexhausted, the allegations pertaining to his medical treatment between March 14 and April 4, 2004 survived the dismissal motion. *Docket #53*; Grievance no. RRF-0404-0387-12z. Present Defendants do not include a "failure to exhaust" claim among their arguments for dismissal.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule

-2-

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). *See also Bell Atlantic Corp. V. Twombley,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### III.  ANALYSIS

Defendant Pramstaller, Chief Medical Officer of the MDOC at the time of the alleged events, Defendant Caruso, MDOC Director, and Defendant Booker, Warden of the Ryan Road Correctional Facility ("RRF"), argue that because Plaintiff has failed to allege their personal involvement in the alleged constitutional violations, claims against them should be dismissed. *Defendants' Brief at 2-4, Docket #58* (*citing Monell v. Department of Social Services.,* 436 U.S. 658, 692; 98 S. Ct. 2018, 2037; 56 L. Ed. 2d 611, 637 (1978)).  All three Defendants contend that Plaintiff's failure to allege "direct contact" defeats the claims of supervisory liability. *Id.*

In *Monell, supra,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a §1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate).

A careful review of the Complaint and accompanying grievances reveals that Plaintiff has failed to allege personal involvement by either Pramstaller, Caruso, or Booker.

Plaintiff's allegations that he was denied access to medication and treatment for high blood pressure, heart problems, and his hip condition are summarized as follows. He claims that in January 2004, Drs. Camann and Faghihnia failed to give him pain medication for his hip condition. *Complaint* at 7  Plaintiff also alleges that during the course of his incarceration at Southern Michigan Correctional Facility ("JMF"), Health Care Facility Manager Defendant Hammond refused to provide him a wheelchair, walker, or pain medications for up to two weeks. *Id.*  Plaintiff alleges that after being transferred to RRF, Dr. Piper, also a Defendant, countermanded orders for medications and special accommodations approved by other staff members. *Id.* at 8. Plaintiff also claims that Defendant Jackson, a nurse, Defendant Twila Eshelmun, a Health Care Manager, and Defendant Dr. Seetha Vadlamudi failed to provide appropriate medication or special accommodations needed to treat Plaintiff's physical problems. *Id.* at 8-9.  Finally, Plaintiff alleges that Defendant Wingard, an MDOC officer, retaliated against him for filing grievances regarding his medical care by issuing several major misconduct tickets and using racial and sexual slurs. *Id.* at 10.

Plaintiff alleges that he sent  grievances to both Pramstaller and Patricia Caruso, informing them that he was receiving substandard medical care. *Id.* at 8, *Docket* #1-4 at pgs. 40-42 of 50, 1-5 at pg. 3 of 50. However, the fact that he notified these Defendants of the alleged abuse by the above-mentioned Defendants is not sufficient to state that they authorized, approved, or knowingly acquiesced in his allegedly insufficient care. "[Supervisory] liability must be based upon *active* unconstitutional behavior." *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)(emphasis added). "Liability under this theory

must be based upon more than a mere right to control employees and cannot be based upon simple negligence." *Id.* Even assuming at worst that Plaintiff can establish that Pramstaller and Caruso negligently failed to intervene on his behalf, he cannot show the presence of a constitutional violation.[2] Constitutional claims against Warden Booker are likewise subject to dismissal. The Complaint alleges that "Booker dealt with [claims of inadequate treatment] by having [Plaintiff] transferred." *Complaint* at 8. Assuming that Plaintiff alleges that the transfer constitutes both personal involvement and "deliberate indifference," he has alleged no ill effects as a direct result of the transfer, instead stating that upon being moved to the Lakeland Correctional Facility, he was "placed back on all of his medications."[3] *Id.* at 6. Further, although Plaintiff alleges elsewhere that he was transferred multiple times in

---

[2]*But see Broder v. Correctional Medical Services, Inc.* 2008 WL 704229, *4, (E.D.Mich. 2008)(plaintiff's allegation that "defendants failed to timely treat and diagnose his throat cancer" created a question of fact as to whether Pramstaller was individually liable for his "personal role in devising and implementing" policies indifferent to prisoners with urgent medical needs.) In contrast, the present claim, alleging that nurses mishandled his medicine and Defendant physicians countermanded orders for necessary treatment, centers on alleged deliberate indifference by his individual treating sources. To be sure, the Complaint includes the allegation that Pramstaller "instigated" a policy responsible for the violation of his constitutional rights. *Complaint* at 23. Nonetheless, the Complaint's *factual* allegations that medical staff failed to issue a "special accommodation" allowing the use of assistive devices, meal, bathing, and cell accommodations indicates that the constitutional claim is premised on the individual staff members' failure to comply with policy guidelines, rather than the policy itself.

[3]Plaintiff's summary of his many grievances includes claims that while incarcerated at RRF, he received inadequate medical care. *Complaint* at 2-3. Although he names Booker in these grievances, he does not indicate Booker authorized, approved, or acquiesced in the medical staff's alleged decision to provide substandard treatment.

-5-

retaliation for filing grievances, at no place in the Complaint does he assign retaliatory motives to Defendant Booker.

Finally, Defendants argue that dismissal should be granted on the basis of qualified immunity. Because I find that none of the present Defendants violated Plaintiff's constitutional rights, I agree that they are entitled to dismissal on this basis. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under *Saucier*, the threshold question is whether a constitutional violation occurred. If it did not, a state officer or agent acting in the course of his or her official duties is protected by qualified immunity.[4]

## IV. CONCLUSION

For these reasons, I recommend that the present motion [Docket #58] be GRANTED, dismissing claims against these Defendants both in this case and in Case No. 05-71140.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

---

[4] In *Pearson v. Callahan*, _ S.Ct. _, 2009 WL 128768 (2009), decided on January 21, 2009, the Supreme Court held that the two-step sequential analysis set forth in *Saucier* (first, determine whether there was a constitutional violation, and second, determine whether the constitutional right was clearly established) is no longer mandatory. Nevertheless, *Pearson* observed that the *Saucier* protocol, while not required, remains useful in particular cases. In this case, it is sufficient to say that under the first prong of *Saucier*, Plaintiff has not shown a constitutional violation as to these Defendants.

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Dated: February 23, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 23, 2009.

S/G. Wilson<br>Judicial Assistant