UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

        Plaintiff,                Case Nos.  06-13508
                                                05-71140

v.                                District Judge John Corbett O'Meara
                                  Magistrate Judge R. Steven Whalen

DR. GEORGE PRAMSTALLER, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court in these consolidated cases are Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction [Docket #70 in Case No. 05-71140, and Docket #s 60 Case No. 06-13508],[1] which have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motions be DENIED.

**I.    FACTS**

Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). The Complaint in this case centers on Plaintiff's allegations that the Defendants were deliberately indifferent to his medical needs. I have filed a Report and Recommendation that Defendants Pramstaller, Caruso and Booker be dismissed for lack of personal involvement. Claims against Defendant Dr. Piper remain.

In his motions, Plaintiff claims that "the Defendants" (he also names non-Defendant

---

[1] On August 8, 2008, Plaintiff also submitted a letter requesting a preliminary injunction [Docket #71].

MDOC personnel in his motions) continually harass him by issuing tickets (including a ticket for smoking in his cell) and confiscating his property, including a television. He asks this Court to order these individuals to stop harassing him; to order the MDOC to transfer him to a different facility; to provide him with materials to pursue his lawsuit; to assign him to a single-man cell; to ensure no interruptions in his pain management; and to return his television.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary

injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.   ANALYSIS

First, Plaintiff names non-defendant MDOC staff that are not parties to this lawsuit and have not been served. Therefore, the Court has no personal jurisdiction over them. Fed.R.Civ.P. 12(b)(2). Further, Fed.R.Civ.P. 8 requires that the pleader set forth "the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it . . ." Here, Plaintiff has not set forth any new grounds for jurisdiction over the unnamed MCF employees. Thus, under the long-standing case of *Pennoyer v. Neff,* 95 U.S. 714 (1878), the court has no power to adjudicate Plaintiff's motion as to these individuals. *See Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006); Fed.R.Civ.P. 12(b)(2).

As to MDOC administrative personnel who are named as Defendants–Caruso, Booker and Pramstaller–I have recommended that they be dismissed for lack of personal involvement. Therefore, Plaintiff has a poor chance of prevailing on the merits at to these Defendants.

Furthermore, to grant Plaintiff's request that MDOC personnel be ordered to not issue any more "retaliatory" tickets and to provide more satisfactory medical treatment would put the Court in the untenable position of second-guessing and countermanding

medical decisions as well as the MDOC's prison disciplinary policies, with no input from the MDOC. Departments of Corrections are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators." This Court is ill-equipped to unilaterally micro-manage prison administration. *Bruce v. Ylst, supra*.

Finally, injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003). This Court has no idea whether, why or when Plaintiff will receive tickets or other discipline within the prison system. If, in the future, he believes that any condition of his confinement is unconstitutional or otherwise unlawful, his remedy is first through the MDOC's grievance procedure and, if that is unsuccessful, to file a lawsuit.

For these reasons, Plaintiff has not met his heavy burden of showing entitlement to injunctive relief.

## IV.    CONCLUSION

I recommend that Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction [Docket #70 in Case No. 05-71140, and Docket #s 60 Case No. 06-13508] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 24, 2009.

S/G. Wilson
Judicial Assistant