UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

       Plaintiff,                    Case Nos.   06-13508
                                               05-71140
v.                                      District Judge John Corbett O'Meara
                                              Magistrate Judge R. Steven Whalen
DR. GEORGE PRAMSTALLER, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court are (1) a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(a) filed by Defendant Paul Piper [Doc#112 in case no. 05-71140 and Doc.#105 in case no. 06-13508] and (2) a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Piper and Keith Camann [Doc#113 in case no. 05-71140 and Doc.#106 in case no. 06-13508]. These motions have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1]  For the reasons set forth below, I recommend following.

    1). That Defendant Keith Camann be DISMISSED WITHOUT PREJUDICE pursuant to both 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 4(m).

    2). That both motions be DENIED as to Defendant Piper under the law of the case doctrine.

    3). That Defendants Valorie Hammond, Dr. Faghihnia, Twila Eschelman, and Keith be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m).

**I. BACKGROUND FACTS**

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate, currently housed at the Gus Harrison Correctional Facility in Adrian, Michigan, originally filed suit on March 22, 2005, alleging Eighth Amendment violations by MDOC medical staff. Case no. 05-71140, *Doc. #1*. On March 6, 2006, the District Court adopted the undersigned's recommendation to dismiss claims based on Plaintiff's failure to exhaust his administrative remedies, dismissing the claim without

---

[1] On June 26, 2008, I ordered this case consolidated with *Laster v. Pramstaller*, E.D. Mich. No. 05-71140, noting that the two cases "are, in fact, one in the same, involving the same claims against the same Defendants."

prejudice. *Doc. #34-35.*  On June 21, 2007, the Sixth Circuit reversed the District Court's judgment pursuant to *Jones v. Bock,* 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  Case no. 06-1611.  The case was reopened in this Court on August 7, 2007.

In the meantime, Plaintiff filed a second complaint on August 3, 2006, expanding on his original allegations to include events postdating the first action.  Case no. 06-13508.  On June 1, 2007, Defendant Piper filed a motion to dismiss pursuant to 42 U.S.C. § 1997e(a).  *Docket #29.*  On January 16, 2008, this Court recommended that the motion be granted as to Grievance no. RRF-04-04-00411-12z**,** Grievance no. RRF-04-04-00423-28a, and Grievance no. JMF-04-09-01956-12d2 but denied as to Grievance no. RRF-04-04-0387-12z.  *Doc. #43* at 1.

On February 15, 2008, the District Court adopted the undersigned's Report and Recommendation. Case no. 06-13508, *Doc. #53*.  In finding that RRF-04-04-0387-12z, filed against Piper, had been exhausted in accordance with PD 03-02.130, the District Court reasoned as follows:

> Plaintiff's Step I statement claims that Defendant ignored multiple requests for an examination and denied him pain medication resulting in debilitating pains and mental anguish.  The grievance provided a sufficient basis for the MDOC to construe the claim against Piper.  *Id.* at 4.

The cases were consolidated on June 26, 2008.  *Doc. #73.*

In regard to the exhausted claims against Dr. Piper, Plaintiff alleges that this prison physician was deliberately indifferent to his medical condition prior to his 2004 hip surgery.  Case no. 06-13508, *Complaint* at 14 of 50.  He alleges that upon his arrival at the Ryan Road Facility on March 13, 2004, Defendant Piper "refused to do an 'arrival examination,'" stopped his pain medication and failed to provide him with a wheelchair, crutches, and other special accommodations.  *Id.*

## II. STANDARD OF REVIEW

### A. 42 U.S.C. § 1997e(a)

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme

Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies. If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

-3-

**B. Fed. R. Civ. P. 12(b)(6)**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

### III. ANALYSIS

#### A. Defendant Piper's Fed. R. Civ. P. 12(b)(6) Motion Should be Denied Under the Law of Case Doctrine

Defendant Piper acknowledges that Grievance no. RRF-04-04-0387-12z was exhausted against him. However, he notes that the exhausted grievance is limited to events between March 14 and April 4, 2004, arguing that Plaintiff has failed to state an Eighth Amendment claim for that time frame. Case. no. 05-71140, *Doc. #112-113*; Case no. 06-13508, *Doc. #105-106.*

> On February 15, 2008, the District Court adopted the following findings:
>
> I disagree that Grievance no. RRF-04-04-0387-12z is inadequate under either the MDOC grievance policy or Fed. R. Civ. P. 12(b)(6). Plaintiff's Step I statement claims that Defendant ignored multiple requests for an examination and denied him pain medication resulting in "debilitating pains" and "mental anguish." Docket #1-2, pg. 47 of 50; Doc.#29-3, pg. 12 of 12.

Case no. 06-13508, *Doc. #43* at 7-8.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). Moreover, "[i]ssues decided at an early stage of litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources, Inc. v. Gulf & Western Industries, Inc.,* 865 F.2d 761, 766 (6th Cir.1989)(citing *Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.,* 761 F.2d 649, 657 (Fed.Cir.), *cert. denied,* 474 U.S. 902 (1985)).

Defendant Piper's original motion for dismissal under Fed. R. Civ. P. 12(b)(6), citing Eighth Amendment authority, *Doc. #29* at iv, argued as follows:

> Plaintiff has not made the necessary factual basis for his claim in the pleadings. . . . Dismissal is appropriate if the complaint fails to set forth an allegation of a required element of a claim. Therefore, dismissal pursuant to FRCP 12(b)(6) is appropriate for failure to state a claim.

*Id.* at 10. The District Court, in adopting my Report and Recommendation, rejected Dr. Piper's argument that the Complaint failed to state a claim against him. *Doc. #53.* Because Defendant Piper presents no evidence or controlling authority that would commend revisiting this Court's previous decisions, the law of the case doctrine requires that his motion be denied.

### B. Claims Against Dr. Camann are Wholly Unexhausted

In contrast to claims against Dr. Piper, a review of Plaintiff's 18 grievances shows that Dr. Camann was not named or otherwise identified at Step I in any of them. PD 03.02.130(R) requires that at Step I, MDOC inmates list "the names of all those involved in the issue being grieved are to

be included." Thus, Plaintiff has not exhausted his administrative remedies.[2] Because his claims against Camann are not properly exhausted, the Court declines to consider the substance of his allegations against this Defendant. *Bock, supra,* 549 U.S. at 219-220, 127 S.Ct. 910-911, 166 L.Ed.2d 798. *See also Johnson v. County of Wayne,* 2008 WL 4279359, *3 (E.D.Mich.2008) (Steeh, J.)( *citing Jones v. Bock, supra,* 549 U.S. at 219-220, 127 S.Ct. at 918-19, 166 L.Ed.2d 798 (2007))("A prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims"). Accordingly, claims against Camaan should be dismissed without prejudice. *Horn v. Bay County Sheriff's Dept.,* 2008 WL 3285808, *8 (E.D.Mich.,2008)("Where there is a failure to exhaust, the court will not reach the merits of the complaint; rather, the complaint will be dismissed without prejudice").

### C. Defendants Valorie Hammond, Dr. Faghilnia, Twila Eschelman, and Keith Camann Should be Dismissed Pursuant to Fed. R. Civ. P. 4(m)

Defendants also contend that the above individuals "have yet to be served with a copy of the Summons and Complaint," noting that the Summons expired over three years ago. Case no. 05-71140 *Doc. #113* at 9; Case no. 06-13508 *Doc. #105* at 9. Citing Fed. R. Civ. P. 4(m). Further, Plaintiff has failed to provide "good cause" for failing to serve the Summons before July 28, 2007. *Id.* at 10.

Under Fed.R.Civ.P. 4(m), service of a summons must be made within 120 days of the filing of the complaint. Otherwise, the claim is subject to dismissal without prejudice. On March 30, 2007, a certificate of service verified that the Summons and copies of the Complaint were delivered to the U.S. Marshals. Case. no. 06-13508, *Doc. #10.* The 120-day time limit for service has long since passed. Plaintiff was advised that claims against these Defendants were subject to dismissal on March 29, 2010, but has not responded to my show cause order. Case no. 05-71140, *Doc. #107;*

---

[2] Plaintiff responds that Grievance no. JMF 02.04.20234.12e4 addresses claims against Defendant Camann. However, the Step One Grievance, does not name Dr. Camann or otherwise put the physician on notice that he was the subject of the grievance. Case no. 05-71140, *Docket #116* at 42-46 of 60; Case no. 06-13508 *,Docket #110* at 42-46 of 60.

Case. no. 06-13508, *Doc. #100.* Claims against Defendants Valorie Hammond, Dr. Faghilnia, Twila Eschelman, and Dr. Camann should therefore be dismissed without prejudice.

### IV.  CONCLUSION

For these reasons, I recommend the following:

1).  That Defendant Keith Camann be DISMISSED WITHOUT PREJUDICE pursuant to both 42  U.S.C. § 1997e(a) and Fed. R. Civ. P. 4(m).

2).  That both motions be DENIED as to Defendant Piper under the law of the case doctrine.

3).  That Defendants Valorie Hammond, Dr. Faghihnia, Twila Eschelman, and Keith be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m).

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2011

**CERTIFICATE OF SERVICE**

I hereby certify on February 25, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 25, 2011: **Quentin Laster.**

                                               s/Michael E. Lang
                                               Deputy Clerk to
                                               Magistrate Judge R. Steven Whalen
                                               (313) 234-5217