UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN LASTER,

    Plaintiff,

                                        Case Nos. 05-71140

v.                                          06-13508

GEORGE PRAMSTALLER, *et al.*,          Hon. John Corbett O'Meara

    Defendants.
_____/

**ORDER REJECTING REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Magistrate Judge R. Steven Whalen's February 24, 2012 report and recommendation, advocating the denial of Defendant Paul Piper, M.D.'s motion for summary judgment. Defendant's objections to the report and recommendation were filed on March 9, 2012. Plaintiff Quentin Laster did not file a response to Defendant's objections.

**I.    Standard of Review**

With respect to reports and recommendations from magistrate judges, this court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

**II.    Background Facts**

Laster is a former prisoner who contends that Defendants violated the Eighth Amendment by acting with deliberate indifference to his medical needs. Specifically, with respect to Dr. Piper, Laster contends that he did not provide him with pain medication between

March 29 and April 8, 2004.  Laster suffered from osteoarthritis and was in need of a hip replacement.

The first date Dr. Piper became involved with Laster's care was March 29, 2004.  In his declaration, Dr. Piper stated that on that date, "I performed a review of Plaintiff's medical chart and specifically reviewed the results of Plaintiff's 3/23/04 chest x-ray study, which revealed no active pulmonary disease.  The sole purpose of my 3/29/2004 chart review was to review the result of the 3/23/04 chest x-ray study."  Def.'s Ex. B at ¶¶ 9-10.  Laster had an appointment with Dr. Piper on March 31, 2004, which was rescheduled due to a "facility mobilization." Id. at ¶ 17.  Dr. Piper avers that the "first time that I learned that Plaintiff requested or required pain medication was on 4/8/04, when I reviewed Plaintiff's medical chart at the request of nursing.  On that date, I learned that Plaintiff was requesting pain medication . . . ." Id. at ¶ 29.  Dr. Piper stated that he was not aware that Plaintiff needed or requested pain medication prior to April 8, 2004, when Dr. Piper did learn of the request and prescribed Ultram for Laster. Id. at ¶ 32.  Plaintiff contends in his complaint that Dr. Piper only provided pain medication for him after Plaintiff filed a grievance against him.

Defendant seeks summary judgment on Plaintiff's Eighth Amendment claim; Plaintiff did not file a response to Defendant's motion.

**III.   Law and Analysis**

An Eighth Amendment claim has two components, one objective and the other subjective.  Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).  "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  "To satisfy the subjective component,

the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. (citing Farmer, 511 U.S. at 837). "Emphasizing the subjective nature of this inquiry, the Supreme Court has noted that 'an official's failure to alleviate a significant risk that *he should have perceived but did not,* while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" Id. (quoting Farmer, 511 U.S. at 838) (emphasis in Comstock).

The magistrate judge found that there was a question of fact as to whether Dr. Piper "perceived facts from which to infer substantial risk to the prisoner," drew the inference, then "disregarded the risk." Comstock, 273 F.3d at 703. The magistrate judge concluded that "Defendant's contention that he was not aware that Plaintiff needed Ultram . . . until April 8, 2004 is not . . .well supported." Report & Recommendation at 8. In reaching this conclusion, the magistrate judge questioned the credibility of Dr. Piper, believing that because Dr. Piper had access to Plaintiff's medical records, he should have known Plaintiff's need for pain medication. See id. at 8-10. There is no evidence in the record, however, that Dr. Piper *actually knew* that Plaintiff needed pain medication before April 8, 2004. The only evidence on this issue is Dr. Piper's affidavit, which is uncontroverted. Although perhaps Dr. Piper *should have known* of Plaintiff's need for medication, such an omission does not rise to the level of an Eighth Amendment violation.

Under these circumstances, where Defendant has submitted a properly supported motion for summary judgment, and Plaintiff has failed to submit a brief or affidavits in response, summary judgment is properly granted in favor of Defendant. See Guarino v. Brookfield Twp.

Trustees, 980 F.2d 399, 404 (6th Cir. 1992) ("Dozens of other panels, many speaking in unpublished prisoner appeals, have dealt with the circumstance of a dispositive motion in want of a response and have consistently assumed without specific comment that a court's reliance on the facts advanced by the movant is proper and sufficient."). Moreover, it is inappropriate for the court to make credibility determinations or weigh the evidence when deciding a motion for summary judgment. See, e.g., Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

## ORDER

For these reasons, IT IS HEREBY ORDERED that Magistrate Judge Whalen's February 24, 2012 report and recommendation is REJECTED.

IT IS FURTHER ORDERED that Defendant Piper's August 31, 2011 motion for summary judgment is GRANTED. The court will enter judgment in favor of Defendant.

                                                    s/John Corbett O'Meara
                                                  United States District Judge

Date: March 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 28, 2012, using the ECF system and upon Plaintiff, Quentin Laster, at 19383 Voltrobeck Drive, Detroit, Michigan 48219 by first-class U.S. mail.

                                                  s/William Barkholz
                                                  Case Manager